IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01252-PSF-BNB

JOSEPH D. JOHNSON, JR.,

Petitioner,

v.

STATE OF COLORADO, COUNTY OF DENVER, and
JOHN SUTHERS, the Attorney General of the State of Colorado

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** (the "Application") filed by Joseph Johnson (the "petitioner") on August 15, 2005.  The respondents filed an Answer on August 18, 2005, and the petitioner filed a Traverse on September 1, 2005.  For the following reasons, I respectfully RECOMMEND that the Application be DENIED.

## I.  THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  An application cannot be granted unless it appears that the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, her application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. Demarest, 130 F.3d at 941.

## II.  BACKGROUND

The background facts of this case are stated by the Colorado Court of Appeals as follows:

> Defendant, Joseph Johnson, Jr., appeals from the trial court's order denying his Crim. P. 35(c) motion. We affirm.
>
> In two separate cases involving the same victim, defendant was charged with first degree burglary, second degree assault, first degree assault, and four habitual criminal counts. On October 29, 2001, defendant entered his plea of not guilty.
>
> On February 15, 2002, the public defender's office informed the trial court that defense counsel was medically unavailable to represent defendants and that another attorney, if appointed, could not be prepared to take the case to trial within the speedy trial period. The trial court found that this dilemma had arisen through no fault of either party. The court informed defendant that he had to make a choice between going to trial within the speedy trial period and representing himself or waiving his right to speedy trial and being represented by new counsel. Defendant indicated his preference to go to trial within the speedy trial period and represent himself. The court then advised defendant concerning self-representation under People v. Arguello, 772, P.2d 87 (Colo. 1989).
>
> Defendant, although objecting to being forced to make the choice, again expressed his desire to represent himself and proceed to trial within the speedy trial period. The trial court appointed advisory counsel to assist defendant.
>
> On February 19, 2002, defendant again told the trial court that he did not want to waive his speedy trial right but did want counsel appointed to represent him. The court informed defendant that he had made the choice. The court told defendant it could appoint counsel but that he would have to waive his right to speedy trial because new counsel would not be able to represent defendant effectively within the short period of time left before trial. Defendant chose to proceed to trial without appointed counsel.
>
> On March 7, 2002, defendant asked the court to appoint advisory counsel as his trial counsel. The court found that there was no

conflict between defendant and the public defender's office and denied the motion.

At the next hearing, defendant expressed his concern at being forced to choose between his right to competent representation and his right to a speedy trial. Advisory counsel expressed his willingness to serve pro bono as co-counsel with the public defender's office if defendant would waive his right to speedy trial in order to be prepared to go to trial. Defendant agreed to waive his right to speedy trial under this condition. The trial court accepted defendant's waiver and appointed the public defender's office and advisory counsel as co-counsel.

On March 25, 2002, representatives from the public defender's office appeared to object to advisory counsel being appointed as co-counsel with a public defender. The next day, the public defender's office moved to withdraw from the case. Several days later, advisory counsel also moved to withdraw from the case. The trial court found that a conflict now existed with the public defender's office and appointed advisory counsel as trial counsel for defendant.

On July 12, defendant filed a pro se motion to dismiss the charges because his right to speedy trial was violated by a breach of the waiver of speedy trial. The court struck the motion because defendant was represented by counsel.

Pursuant to a plea agreement, defendant pleaded guilty to first degree burglary and first degree assault in exchange for the dismissal of the other charges against him. The prosecution also agreed to recommend a sentence no greater than thirty-eight years for both charges. The trial court sentenced defendant to the Department of Corrections for consecutive terms of twelve years for first degree burglary and twenty years for first degree assault.

Defendant filed a pro se Crim. P. 35(c) motion arguing, as relevant here, that the public defender's assistance was ineffective, plea counsel's assistance was ineffective, his right to speedy trial was violated, and he was coerced into entering his guilty plea. Through counsel, defendant filed an amended postconviction motion setting forth additional claims that his statutory right to speedy trial was violated and that plea counsel's assistance was ineffective because he failed to communicate with him.

> The court denied the motion in part and held a hearing on defendant's claim that plea counsel's assistance was ineffective because he failed to interview the victim, failed to communicate with defendant, and coerced him into entering a guilty plea.
>
> Following the hearing, the court denied the motion, finding that the public defender's assistance was not ineffective and, even assuming it was, defendant had failed to establish prejudice. The court also found that plea counsel's assistance was not ineffective and that he had not coerced defendant into accepting the plea agreement. The court found that defendant's waiver of his right to speedy trial was valid and his statutory right to speedy trial had not been violated.

*Answer*, Exhibit D, pp. 1-4.

The appellate court affirmed the trial court's denial of the petitioner's postconviction motion. Id. at p. 9. The Colorado Supreme Court denied certiorari review on May 9, 2005. Id. at Exhibit F. The petitioner now seeks habeas corpus relief.

### III.  ANALYSIS

The petitioner brings one claim. The claim is entitled "Defendant's Constitutional Right to a Speedy Trial was Violated When a Contractual Promise was not Kept." *Application*, p. 5. The claim is stated as follows:

> A not guilty plea was entered on 10/29/2001. A trial date was set for 3/12/2002 and expiration of 6 month speedy trial was set at 4/29/2002. On 3/12/2002 defendant signed a waiver of speedy trial based solely on the expressed promise of dual representation which was affirmed by the honorable judge. This promise did not manifest and on 4/11/2002 the district attorney filed a motion to expedite a ruling on the invalid wavier [sic] speedy trial. [O]n 4/26/2002 a ruling was made on conflicting attorneys and a new trail [sic] date was set for 8/26/2002. So on 7/12/2002 the defendant Joseph Johnson submits a motion for dismissal of charges thereby preserving his speedy trial issue and said motion was stricken on 7/16/2002.

Id.

Although the petitioner alleges a constitutional violation in the title of his claim, he does not attempt to apply the facts to any constitutional standard. Moreover, the petitioner did not present the speedy trial issue to the state courts as a violation of the constitutional. Instead, he presented the issue as a violation of Colorado statutory law.[1] *Answer*, Exhibit A, pp. 16-25; Exhibit C, p. 5; Exhibit D, p. 4; Exhibit E, pp. 6-12. Importantly, the Colorado Court of Appeals did not analyze the speedy trial claim under a constitutional standard; instead, the issue was set forth as a claim regarding the petitioner's statutory right to a speedy trial under § 18-1-405, C.R.S. Id. at Exhibit D, pp. 6-8.

A determination of whether a delay in trial time offends Colorado's statutory requirement differs greatly from a determination of whether a delay in trial time offends the Constitution.[2] Colorado statutory law requires a trial within six months of a plea of not guilty. C.R.S. § 18-1-405.

In United States v. Kalady, 941 F.2d 1090, 1095 (10th Cir. 1991), the Tenth Circuit Court of Appeals discussed the factors a court must consider when determining whether a defendant's constitutional right to a speedy trial under the Sixth Amendment has been violated:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. amend. VI. As Appellant

---

[1] I am aware that, when defining a voluntary wavier versus an involuntary waiver, the petitioner cited to United States Supreme Court cases and the United States Constitution. *Answer*, Exhibit A, pp. 18-19. However, the petitioner was discussing "waiver" in the context of whether he waived his right to a speedy trial under section 18-1-405, C.R.S. The petitioner's claim was based solely on the state trial court's failure to comply with the speedy trial requirements of section 18-1-405, C.R.S.

[2] I do not address the provisions of the federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The federal Act is not applicable to trials in the state system. 18 U.S.C. § 3172(2).

> correctly notes, we apply the four factors of <u>Barker v. Wingo</u>, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in determining whether the constitutional guarantee of a speedy trial has been violated.
>
> "A Sixth Amendment speedy trial claim is assessed by balancing the length of the delay, the reason for the delay, whether the defendant asserted his right to a speedy trial, and whether the delay prejudiced the defendant." <u>United States v. Tranakos</u>, 911 F.2d 1422, 1427 (10th Cir.1990) (citing <u>Barker</u>, 407 U.S. at 530, 92 S.Ct. at 2192). None of these factors, taken by itself, is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." <u>Barker</u>, 407 U.S. at 533, 92 S.Ct. at 2193. Considering these factors together with the circumstances of this case, we find Appellant's argument to be spurious.
>
> The length of delay is a threshold factor; only if the period is "presumptively prejudicial" need we inquire into the other factors. <u>Barker</u>, 407 U.S. at 530, 92 S.Ct. at 2192. Considering the alleged delay in this case, we note the total amount of time between indictment and guilty plea was eight months. The time between arrest and guilty plea was far less-- a mere two months. We recently found a delay of thirty months under similar circumstances to comport with the constitutional right to a speedy trial. <u>See United States v. Bagster</u>, 915 F.2d 607, 611 (10th Cir.1990). In light of <u>Bagster</u>, we are not convinced that the delay in this case was "presumptively prejudicial." <u>Barker</u>, 407 U.S. at 530, 92 S.Ct. at 2192.

<u>Kalady</u>, 941 F.2d at 1095 (internal quotations and citations omitted). The petitioner's arguments to the state courts did not encompass any of factors discussed in <u>Kalady</u>.

Comity is the rationale underlying the exhaustion requirement--state courts must be provided with the first opportunity to pass on alleged defects in their criminal proceedings leading to the conviction at issue. <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). In order to "encourage state prisoners to seek full relief first from the state courts," the exhaustion requirement must be

7

"rigorously enforced." Id. Exhaustion of state remedies requires that a petitioner raise in the state courts both the factual and legal bases of his habeas claims. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3rd Cir. 1986). Consequently,

> [i]t is not enough that the petitioner presents to the state court the facts upon which a federal claim is based. The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

O'Halloran v. Ryan, 835 F.2d 506, 508 (3rd Cir. 1987) (quotations and citations omitted).

I find that the petitioner's allegations and supporting evidence did not offer the Colorado courts a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." See Thomas v. Gibson, No. 99-5030, 2000 WL 986587 at *13 (10th Cir. July 18, 2000). Because the substance of the petitioner's federal habeas corpus claim was not fairly presented to the state courts, see Picard, 404 U.S. at 278, this claim has not been exhausted.

When a petitioner fails to exhaust available state remedies, the federal court must determine whether the petitioner would be able to raise the claim in the state court. Demarest, 130 F.3d at 939. If the claim would be procedurally barred in the state court, the claim is procedurally defaulted for purposes of habeas relief. Coleman, 501 U.S. at 735 n.1.

This claim is procedurally barred from state court consideration because a determination of an issue on post-conviction review precludes review of that same issue on a successive motion for post-conviction relief. Colo. R. Crim. P. 35(c)(3)(VII); People v. Hubbard, 519 P.2d 945, 947 (Colo. 1974). Because the petitioner presented a claim for violation of his speedy trial rights in his post-conviction motion (asserting that his state statutory right to a speedy trial was violated), he is prohibited from presenting it again (asserting that his constitutional right to a

speedy trial was violated).

I may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can either (1) show cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that a failure of this court to consider the claims will result in a fundamental miscarriage of justice. English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman, 501 U.S. at 749-50); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993).

The petitioner has not argued cause and prejudice or fundamental miscarriage of justice. Because the claim is procedurally defaulted, and because the petitioner did not demonstrate cause and prejudice or a fundamental miscarriage of justice, this claim is not proper for consideration on an application for writ of habeas corpus.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 12, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge