IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01252-PSF-BNB

JOSEPH D. JOHNSON, JR.,

    Petitioner,

v.

STATE OF COLORADO, COUNTY OF DENVER, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.
_____

**ORDER ACCEPTING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

    THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge (Dkt. # 32), filed October 12, 2005, in which the Magistrate Judge recommends that this Court deny Petitioner's Amended Application for a Writ of Habeas Corpus (Dkt. # 31). Petitioner Joseph D. Johnson, Jr., appearing pro se, filed written objections to the Magistrate Judge's Recommendation on November 7, 2005 (Dkt. # 35). The Court's review of the Magistrate Judge's Recommendation is governed by 28 U.S.C. § 636(b)(1) and F.R.Civ.P. 72(b).

**I.    BACKGROUND**

    The underlying facts giving rise to the petitioner's filing of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are adequately set forth in the Recommendation of the Magistrate Judge and need not be detailed here. In sum, Mr. Johnson is currently incarcerated following his state court conviction for first-degree

burglary and first-degree assault based upon a plea agreement.  Mr. Johnson filed a Colo. R. Crim. P. 35(c) motion, alleging among other things ineffective assistance of counsel and violation of his right to speedy trial.  The state trial court denied the motion, after conducting an evidentiary hearing as to whether the petitioner was a victim of ineffective assistance of counsel.  The denial of the motion was affirmed by the Colorado Court of Appeals.  The Colorado Supreme Court denied certiorari review.  Mr. Johnson seeks habeas relief on the basis of a violation of his constitutional right to a speedy trial, which occurred due to an alleged failure by the prosecution to keep a contractual promise underlying his waiver of speedy trial, joint representation by the public defender's office and an appointed counsel.

## II.   ANALYSIS

Under the federal statute providing for habeas relief, applicants must exhaust available state court remedies before pursuing habeas relief.  28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement is satisfied if a petitioner's claims are procedurally barred under state law.  See *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); see also *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding petitioner's failure to timely present the arguments forming the basis of his federal habeas claims to state supreme court resulted in procedural default of those claims, precluding habeas review).  However, even where the exhaustion requirement is satisfied, the procedural bar provides an "independent and adequate state law ground for" denying the federal habeas claim.  *Gray*, 518 U.S. at 162.  The doctrines of exhaustion and procedural bar also require a federal habeas petitioner to fairly present his current federal claim to the state courts.  See *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

In his Recommendation at 6, the Magistrate Judge notes that the petitioner did not present the speedy trial issue to the state courts as a violation of constitutional law, but only of Colorado statutory law. *See also* Resp'ts. Answer, Exs. A, C, E, attached thereto (Petitioner's court filings, raising only a statutory speedy trial claim). The Court notes that Mr. Johnson's Reply Brief in the underlying case before the Colorado Court of Appeals, attached to Respondents' Answer as Ex. C, does, on page 5, reference a Colorado Supreme Court case apparently dealing with a constitutional right to speedy trial. However, nowhere does Mr. Johnson argue a constitutional speedy trial violation or otherwise raise the issue directly. Additionally, the People's Answer Brief, attached to Respondents' Answer as Ex. B, notes on page 16 that Mr. Johnson waived his statutory right to speedy trial, and cites as support cases that also address waiver of the constitutional right to speedy trial. Again, Mr. Johnson's constitutional right to speedy trial was not presented or argued by him at the state court level, much less "fairly presented."

As the Magistrate Judge correctly pointed out, the Colorado Court of Appeals, in reviewing Mr. Johnson's claim, "did not analyze the speedy trial claim under a constitutional standard; instead, the issue was set forth as a claim regarding the petitioner's statutory right to a speedy trial under § 18-1-405, C.R.S." Recommendation at 6; *see also* Resp'ts. Answer, Ex. D, attached thereto (Court of Appeals decision). While this decision notes that the government contended that Mr. Johnson waived his constitutional as well as his statutory right to a speedy trial by pleading guilty, Ex. D at 7, it cites as part of its speedy trial holding only to Colorado's speedy trial statute, *id.* at 6-7, and does not note any stated position of the petitioner as to the constitutional

3

question.  The silence of the Colorado Court of Appeals as to the constitutional magnitude of the petitioner's speedy trial claim bespeaks its lack of awareness that such a claim had been made.

The factors for determining the two types of violations, *i.e.*, state statutory versus federal constitutional, are significantly different.  *See Barela v. People*, 826 P.2d 1249, 1255 n.5 (Colo. 1992) (distinguishing between state statute and constitutional violations of speedy trial right); *see also United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (discussing factors a court must consider when evaluating a constitutional speedy trial claim under the Sixth Amendment); *People v. Gallegos*, 946 P.2d 946 (Colo. 1997) (discussing requirements of Colorado's speedy trial statute, C.R.S. § 18-1-405).

Even if the factors were identical, the issue must first be raised in state court as a federal constitutional violation.  *See, e.g.*, *Duncan v. Henry*, 513 U.S. 364, 366 (1995).  The Supreme Court stated in *Duncan*:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan*, 513 U.S. at 365-66.

As the Magistrate Judge properly found, Mr. Johnson "did not offer the Colorado courts a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Recommendation at 8 (quoting *Thomas v. Gibson*, 2000 WL 986587 at **5 n.6 (10th Cir., July 18, 2000)).  Further, Mr. Johnson is now precluded

from presenting his federal habeas claim (violation of his Sixth Amendment speedy trial right) to the Colorado state courts, the result of a procedural default of his claim under Colo. R. Crim. P. 35(c)(3)(VII).[1]

Yet, a procedural default is not always fatal to a habeas petition. Limited exceptions may apply. The Magistrate Judge correctly observed that a procedurally defaulted federal habeas petition may not be considered unless Mr. Johnson "can either (1) show cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that a failure of this court to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 9 (citing cases).

Mr. Johnson's Response to the Magistrate Judge's Recommendation attempts to show cause and prejudice, as well as demonstrate that failure to hear his claim will result in a fundamental miscarriage of justice. As to the first, cause and prejudice, Mr. Johnson details his trial-level ordeal, at which he had difficulty securing counsel after a medical disability by the public defender and ensuing "turf issues" involving the public defender's office and other issues involving the lawyer-client relationship, including the involvement of advisory counsel. Resp. at 3-4. The Response then continues to detail the ensuing delays, Mr. Johnson's attempt to secure counsel, and prejudice to Mr. Johnson from his pretrial incarceration and impairment of his ability to mount a

---

[1] Colo. R. Crim. P. 35(c)(3)(VII) bars review of an issue on a successive motion that has been previously decided on post-conviction review. In other words, criminal defendants may not present again an issue already raised in a post-conviction motion. Although the speedy trial claim under state statutory law and under the federal constitution may be considered the same issue, Mr. Johnson is also in procedural default under Colo. Rev. Stat. § 16-5-402, which limits the time for a collateral attack on a trial judgment in felonies (other than class 1) to three years. Mr. Johnson's judgment of conviction was entered on August 26, 2002. See Pet. for Writ at 1 (Dkt. # 3).

successful defense. *Id.* at 4-6. However, he never addresses the relevant issue here–namely, his failure to raise his constitutional right to a speedy trial at any point during his appeals process.

As to the "fundamental miscarriage of justice," Mr. Johnson does cite case law for the proposition that "[e]xhaustion of state remedies requires that a petitioner raise in the [s]tate courts both the factual and legal bases of his habeas claim." *Id.* at 7 (citing *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3rd Cir. 1986). He quotes *Sanders v. United States*, 373 U.S. 1, 24-25 (1963), noting that "both the individual criminal defendant and society have interest in insuring that there will at some point be the certainty that comes with an end to litigation." Resp. at 8. He attaches and cites to exhibits–a summary of attempts to serve the victim and documents detailing the victim's injuries–which do not appear related to his habeas petition or his claim of fundamental miscarriage of justice. *Id.* at 9. Finally, Mr. Johnson argues that the burden of establishing default should rest with the state court. *Id.* at 10 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State")).

However, the petitioner has not provided any evidence that the failure to raise his Sixth Amendment claim at the state level was the result of ineffective assistance of counsel, merely stating at one point that "[p]ost-conviction counsel failed to bring the petitioner's post-conviction application under the constitutional standard's [sic]." *Id.* at 8. Additionally, Mr. Johnson does not bring an ineffective assistance of appellate counsel claim in his habeas petition, perhaps because he has no right to do so. *See*

*Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. . . . [The petitioner] must bear the risk of attorney error that results in a procedural default.") (internal citations and quotations omitted).

Mr. Johnson notes his *pro se* status in making his objections to the Magistrate Judge's Recommendation. Resp. at 7. This Court liberally construes his Response as required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but cannot find a showing of sufficient cause and prejudice or a demonstration of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753 ("cause" must be something external to the petitioner, something that cannot fairly be attributed to him, *e.g.*, a showing that a legal basis for a claim was not available to counsel or that officials interfered with compliance); *Schlup v. Delo*, 513 U.S. 298, 299 (1995) (applying fundamental miscarriage of justice exception only rarely and in extraordinary cases by tying it to the petitioner's innocence). Although Mr. Johnson claims that "evidence eluding toward 'Heat of Passion' would have determined [his] innocence of both charges," Resp. at 9, he pled guilty to the charges in the underlying state proceeding without demonstrating any extraneous basis that a miscarriage of justice occurred in the state trial court, making a "fundamental miscarriage of justice" claim here inapplicable.

### III.     CONCLUSION

After reviewing the underlying objections and the record *de novo*, and in light of the foregoing discussion, the Court concludes that the Recommendation represents a correct application of the facts and the law and is not clearly erroneous.

Accordingly, it is

ORDERED as follows:

1. The Court ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (Dkt. # 32), filed October 12, 2005; and

2. The Court DENIES Petitioner's Amended Application for a Writ of Habeas Corpus (Dkt. # 31).

The case is dismissed with prejudice.

DATED: November 30, 2005

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge